MELINDA HAAG (CSBN 132612)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
ABRAHAM A. SIMMONS (SBN 146400)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102-3495
    Telephone:  (415) 436-7264
    Facsimile:   (415) 436-6748
    Email:      abraham.simmons@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GEORGE WALTER TITUS by and , through his successor-in-interest LUCIE TITUS and LUCIE TITUS, individually,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, VETERANS AFFAIRS NORTHERN CALIFORNIA H E A L T H   C A R E   S Y S T E M (V A N C H S C), C E N T E R   for, REHABILITATION & EXTENDED CARE(Martinez), MATTHEW TITUS as a nominal defendant,<br><br>    Defendants. | No. C 10-02795-SI<br><br>**STIPULATED PROTECTIVE ORDER** |

    The Parties hereby stipulate and request that the Court sign and enter the following attached Protective Order.

                                                          MELINDA HAAG
                                                          United States Attorney

Dated: January 25, 2011      /s/_____    /s/_____
                                    SANFORD I. HOROWITZ     ABRAHAM A. SIMMONS
                                      Attorney for Plaintiffs         Assistant United States Attorney
                                                                          Attorneys for the United States of America

1  MELINDA HAAG (CSBN 132612)
   United States Attorney
2  JOANN M. SWANSON (SBN 88143)
   Chief, Civil Division
3  ABRAHAM A. SIMMONS (SBN 146400)
   Assistant United States Attorney
4
        450 Golden Gate Avenue, 9th Floor
5       San Francisco, California 94102-3495
            Telephone:    (415) 436-7264
6           Facsimile:    (415) 436-6748
            Email:        abraham.simmons@usdoj.gov
7
   Attorneys for United States of America
8
                         UNITED STATES DISTRICT COURT
9
                        NORTHERN DISTRICT OF CALIFORNIA
10
                              SAN FRANCISCO DIVISION
11
   GEORGE WALTER TITUS by and ,           )   No. C 10-02795-SI
12 through his successor-in-interest LUCIE )
   TITUS and LUCIE TITUS, individually,   )
13                                        )
                  Plaintiffs,             )
14                                        )
                                          )
15           v.                           )   **PROTECTIVE ORDER**
                                          )
16                                        )
   UNITED STATES DEPARTMENT OF            )
17 VETERANS AFFAIRS, VETERANS             )
   AFFAIRS NORTHERN CALIFORNIA            )
18 H E A L T H  C A R E  S Y S T E M      )
   (V A N C H S C), C E N T E R   for,    )
19 REHABILITATION & EXTENDED              )
   CARE(Martinez), MATTHEW TITUS as       )
20 a nominal defendant,                   )
                                          )
21                Defendants.             )
                  _____)
22

        Upon joint motion of the parties, this Court, having been duly advised, hereby ORDERS
23
   that:
24
        1.    In accordance with the terms of this Order pursuant to 5 U.S.C. § 552a (b)(1 l),
25
              the Defendant United States may disclose to Plaintiff records which, in whole or
26
              in part, are otherwise subject to the Privacy Act of 1974, 5 U.S.C. § 552a, and
27
              which contain information within the proper scope of discovery under Fed. R.
28
              Civ. P. 26.

2. The United States shall have the right to designate as subject to this Protective Order any document or other item subject to disclosure pursuant to Fed.R.Civ.P. 26 (a) or responsive to Plaintiffs discovery requests which is a record subject to the Privacy Act of 1974 or which contains or refers or relates to records which are subject to the Privacy Act of 1974.

3. Such documents or other tangible items must be designated as subject to this Protective Order by conspicuously stamping the phrase "SUBJECT TO A PROTECTIVE ORDER" on each page or, in the case of other tangible items, by notifying the Plaintiff in writing.

4. Information designated as SUBJECT TO A PROTECTIVE ORDER shall not be disclosed or disseminated to anyone, except:

   (a) A party, counsel for any party and the employees of such counsel to whom it is necessary that the information be disclosed for purposes of preparation for and litigation of this action;

   (b) Any expert engaged by a party for the purpose of assisting in the preparation of this litigation;

   (c) Any person who was involved in the preparation of the document or information;

   (d) The Court, the jury and court personnel, court reporters and persons engaged to make copies, provided that all SUBJECT TO A PROTECTIVE ORDER information filed with the Clerk of Court shall be filed under seal and shall be released only upon agreement among all parties, or pursuant to the terms of this Order, or by order of the Court;

   (e) Any other person, entity, or firm with the prior written consent of the parties.

5. Counsel for any party receiving SUBJECT TO A PROTECTIVE ORDER information and disseminating same shall maintain a list of all persons receiving information subject to this Order and shall provide copies of such list to other

1 parties upon request.

2  6. When any SUBJECT TO A PROTECTIVE ORDER information, documents, discovery responses, portions of transcripts or any other pleadings or papers disclosing or referring to such SUBJECT TO A PROTECTIVE ORDER information are used in connection with any motion or pretrial hearing, or are otherwise submitted to the Court, they shall be filed ~~under seal and marked as follows:~~ in accordance with local rules.

~~CONFIDENTIAL/SUBJECT TO A PROTECTIVE ORDER: This envelope contains documents that are subject to a protective order of this Court. The contents are not to be revealed to anyone except the Court, or with the prior written consent of the parties herein, or pursuant to any order of this Court. If the contents are thus revealed, they shall thereafter be resealed.~~

7. All documents and other discovery produced or obtained in the course of this litigation marked SUBJECT TO A PROTECTIVE ORDER shall be used for the sole and limited purpose of preparation for and trial of this action and shall not be used for any other purpose.

8. Within thirty (30) days of the close of this litigation for any reason, each party shall retrieve all copies of materials marked SUBJECT TO A PROTECTIVE ORDER from his or its own files, and from experts or other persons to whom he or it has provided such materials consistent with this Order, and shall do one of the following: (1) return to the designating party all such materials, including all copies thereof, produced by such designating party during the action or (2) certify in writing to the designating party that all such materials produced by such other party during this action have been destroyed. All information protected by this Order which has been placed in any computer data bank shall be completely erased, and any documents listing or summarizing information protected by this Order shall be destroyed within the same period.

9. Nothing herein contained shall be construed to preclude or limit any party from opposing any discovery on any ground that would otherwise be available. Entry of this Order shall not, in and of itself, prejudice any contention of any party upon any motion, nor shall this Order and any consent hereto constitute a waiver of any right to seek relief from the Court from any and all of the provisions hereof or other modifications of the terms hereof. This Order shall not limit any party's right to seek judicial review or to seek further and additional protection against or limitation upon production or dissemination of information and documents or their contents.

10. Nothing herein shall be construed to preclude or limit the presence of any individual at any hearing in or the trial of this action.

11. The Defendants and their agents and employees by complying with this Order by and hereby are relieved of any penalties to which they would otherwise be subjected pursuant to Title 5, section 552a, United States Code.

Dated: _____   _____
HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

**EXHIBIT A PROTECTIVE ORDER**

I hereby certify that I have read the PROTECTIVE ORDER entered in the above captioned litigation. I hereby agree to be bound by the terms of the PROTECTIVE ORDER and to submit personally to the jurisdiction of the United States District Court for the Northern District of California for purposes of enforcing my agreement to be bound by the terms of the PROTECTIVE ORDER.

DATED: _____

_____
[PRINT NAME]

_____
[SIGNATURE]