1  MELINDA HAAG (CSBN 132612)
   United States Attorney
2  JOANN M. SWANSON (SBN 88143)
   Chief, Civil Division
3  ABRAHAM A. SIMMONS (SBN 146400)
   Assistant United States Attorney
4
5      450 Golden Gate Avenue, 9th Floor
       San Francisco, California 94102-3495
       Telephone:    (415) 436-7264
6      Facsimile:    (415) 436-6748
       Email:        abraham.simmons@usdoj.gov
7
8  Attorneys for Federal Defendants

9                  UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11                   SAN FRANCISCO  DIVISION

12  GEORGE WALTER TITUS by and ,          )
    through his successor-in-interest LUCIE )   No. C 10-02795 SI (DMR)
13  TITUS and LUCIE TITUS, individually,  )
                                          )
14          Plaintiffs,                   )
                                          )
15                                        )   **STIPULATION FOR COMPROMISE**
           v.                             )   **SETTLEMENT AND RELEASE;**
16                                        )   **[PROPOSED] ORDER**
                                          )
17  UNITED STATES of America and          )
    MATTHEW TITUS as                      )
18  a nominal defendant,                  )
                                          )
19          Defendants.                   )
    _____)

20          It is hereby stipulated by and between the undersigned Plaintiffs GEORGE WALTER

21  TITUS by and through his successor-in-interest LUCIE TITUS and LUCIE TITUS, individually,

22  ("hereinafter "Plaintiffs") and the UNITED STATES OF AMERICA, by and through their

23  respective attorneys, as follows:

24          WHEREAS, Plaintiffs filed the above-captioned action on _June 25, 2010_;

25          WHEREAS, Plaintiffs and Defendant wish to avoid any further litigation and controversy

26  and to settle and compromise fully any and all claims and issues that have been raised, or could

27  have been raised in this action, which have transpired prior to the execution of this Settlement

28  Agreement;

            WHEREAS, CHRISTEL MONIKA MARX, being the adult daughter of Lucie Titus and

1  having an interest under George Walter Titus' trust,

2  WHEREAS, MATTHEW TITUS, being the adult son of George Walter Titus, having
3  received notice in accordance with California law, having chose not to participate in this lawsuit
4  and having been named as a nominal defendant pursuant to California law,

5  WHEREAS, the parties acknowledge that the effect of 38 U.S.C. § 1151 is to discontinue
6  death benefits on any wrongful death settlement and Lucie Titus therefore has chosen not to
7  pursue death benefits on any wrongful death claim on her own behalf and is prepared to dismiss
8  the wrongful death claim and is to recover only for portions payable to George Walter Titus'
9  estate for damages that survived his death;

10  NOW, THEREFORE, in consideration of the mutual promises contained in this
11  Agreement, and other good and valuable consideration, receipt of which is hereby acknowledged,
12  the Parties agree as follows:

13  1. **Agreement to Compromise Claims**.  The parties do hereby agree to settle and
14  compromise each and every claim of any kind, whether known or unknown, arising directly or
15  indirectly from the acts or omissions that gave rise to the above-captioned action under the terms
16  and conditions set forth in this Settlement Agreement.

17  2. **Definition of "United States of America."**  As used in this Settlement Agreement,
18  the United States of America shall include its current and former agents, servants, employees,
19  and attorneys, as well as the Department of Veterans Affairs, and/or its current and former
20  agents, servants, employees, and attorneys.

21  3. **Settlement Amount**.  The United States of America agrees to pay the sum of eighty
22  thousand dollars ($80, 000) ("Settlement Amount"), which sum shall be in full settlement and
23  satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and
24  nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen
25  personal injuries, damage to property and the consequences thereof, resulting, and to result, from
26  the subject matter of this settlement, for which Plaintiffs and their guardians, heirs, executors,
27  administrators, or assigns, and each of them, now have or may hereafter acquire against the
28  United States of America.

4. **Release**.  Plaintiffs and their guardians, heirs, executors, administrators or assigns hereby agree to accept the Settlement Amount in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages.  Plaintiffs and their guardians, heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by Plaintiffs and their guardians, heirs, executors, administrators or assigns against any third party or against the United States.

5. **Dismissal of Action**.  In consideration of the payment of the Settlement Amount and the other terms of this Settlement Agreement, Plaintiffs shall immediately upon execution of this Settlement Agreement  also execute a Stipulation of Dismissal, a copy of which is attached hereto as Exhibit A.  The Stipulation of Dismissal shall dismiss, with prejudice, all claims asserted in this action, or that could have been asserted in this action.  The fully executed Stipulation of Dismissal will be held by Defendant's attorney and will be filed within five (5) business days of receipt by Plaintiffs' attorney of the Settlement Amount.

6. **No Admission of Liability**.  This stipulation for compromise settlement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, and it is specifically denied that it is liable to the Plaintiff.  This settlement is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

7. **Parties Bear Their Own Costs**.  It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the Plaintiff will be paid out of the settlement amount and not in addition *thereto*.

1     8. **Attorney's Fees**.  It is also understood by and among the parties that pursuant to Title

2    28, United States Code, Section 2678, attorney's fees for services rendered in connection with

3    this action shall not exceed 25 per centum of the amount of the compromise settlement.

4     9. **Authority**.  The persons signing this Settlement Agreement warrant and represent that

5    they possess full authority to bind the persons on whose behalf they are signing to the terms of

6    the settlement.

7     10. **Notification**   The parties hereby acknowledge that Lucie Titus is a recipient of

8    benefits under 38 U.S.C. §1151 for the veteran's death. The parties agree that the settlement

9    provides compensation for George Walter Titus' pre-death pain and suffering under California

10   Welfare & Institution Code § 15600 *et seq*., including allegations of failure to prevent falls,

11   failure to provide proper nutrition and failure to properly carry out wound care. This Release also

12   covers any claims and rights that may have been asserted by Christel Monika Marx under the

13   First Amended Complaint.  This Release further covers the First Amended Complaint Causes of

14   Action for Violation of Rights, Negligence and the Wrongful Death Claim of Lucie Titus as well

15   as any Wrongful Death claim that could have been asserted by George Walter Titus' son,

16   Matthew Titus. The settlement has been allocated 80% for George Walter Titus' pain and

17   suffering under the Abuse of an Elder Claim, 10% for the potential Wrongful Death claim of

18   Matthew Titus and 10% for Christel Monika Marx's potential Wrongful Death Claim.

19    11. **Waiver of California Civil Code § 1542**.  The provisions of California Civil Code

20   Section 1542 are set forth below:

21     "A general release does not extend to claims which the creditor
        does not know or suspect to exist in his or her favor at the time of
22     executing the release, which if known by him or her must have
        materially affected his or her settlement with the debtor."
23
     Plaintiffs having been apprized of the statutory language of Civil Code Section 1542 by their
24
     attorney, and fully understanding the same, nevertheless elects to waive the benefits of any and
25
     all rights they may have pursuant to the provision of that statute and any similar provision of
26
     federal law.  Plaintiffs understand that, if the facts concerning Plaintiffs' injury and the liability
27
     of the government for damages pertaining thereto are found hereinafter to be other than or
28

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE
C 10-02795-SI (DMR)                              4

1   different from the facts now believed by them to be true, the Agreement shall be and remain

2   effective notwithstanding such material difference.

3        12. **Payment by Electronic Funds Transfer**.  Payment of the settlement amount will be

4   made by government wire transfer.  In order to facilitate payment, Plaintiff's attorney shall

5   provide  the following information to Defendant's attorney:

6                A.      Name of Bank.

7                B.      Street Address of Bank.

8                C.      City, State and Zip Code of Bank.

9                D.      Federal Reserve Number.

10               E.      Routing Number.

11               F.      Name of Account.

12               G.      Account Number.

13   Plaintiffs' attorney agrees to distribute the appropriate settlement proceeds to the Plaintiffs.

14   Plaintiffs and their attorney have been informed that payment of the Settlement Amount may take

15   sixty (60) days or more from the date that the Court "so orders" this Agreement to process.

16        13. **Tax Liability And Notification**.  If any withholding or income tax liability is

17   imposed upon Plaintiffs or Plaintiffs' counsel based on payment of the Settlement Amount,

18   Plaintiffs or Plaintiffs' counsel shall be solely responsible for paying any such determined

19   liability from any government agency.  Nothing in this Settlement Agreement constitutes an

20   agreement by the United States of America concerning the characterization of the Settlement

21   Amount for the purposes of the Internal Revenue Code, Title 26 of the United States Code.

22        14. **Construction**.  Each party hereby stipulates that it has been represented by and has

23   relied upon independent counsel in the negotiations for the preparation of this Settlement

24   Agreement, that it has had the contents of the Agreement fully explained to it by such counsel,

25   and is fully aware of and understands all of the terms of the Settlement Agreement and the legal

26   consequences thereof.  For purposes of construction, this Agreement shall be deemed to have

27   been drafted by all Parties to this Settlement Agreement and shall not, therefore, be construed

28   against any Party for that reason in any subsequent dispute.

15. **Severability**. If any provision of this Settlement Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

16. **Integration**. This instrument shall constitute the entire Settlement Agreement between the parties, and it is expressly understood and agreed that the Settlement Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Settlement Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Settlement Agreement. This Settlement Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

DATED:

02 MAY, 2011

_____
GEORGE WALTER TITUS by and through
his Successor In Interest, LUCIE TITUS
Plaintiff

DATED:

02 MAY, 2011

_____
LUCIE TITUS
Plaintiff

DATED:

04 MAY, 2011

_____
CHRISTEL MONIKA MARX
Plaintiff

DATED: 5|10|11

_____
SANFORD HOROWITZ
Plaintiffs' Attorney

DATED: 5/13/11

_____
ABRAHAM A. SIMMONS
Assistant United States Attorney
Attorney for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____5/17/11_____

_____
HON. SUSAN ILLSTON
United States District Judge